IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| OMAR JAMALADDIN,<br>            *Plaintiff,*<br><br>v.<br><br>POLICE AND FIRE FEDERAL CREDIT<br>UNION,<br>            *Defendant.* | Civil No. 25-2882 |

**MEMORANDUM**

**Costello, J.**                                                                                    **April 2, 2026**

Plaintiff Omar Jamaladdin purchased a 2025 Jeep Grand Cherokee (the "Jeep") financed through a retail installment sales contract held by Defendant Police and Fire Federal Credit Union.  Plaintiff attempted to make payment on the loan with a check from a closed bank account.  Soon after, Defendant repossessed the Jeep.  Plaintiff proceeding *pro se* subsequently filed a lawsuit against Defendant for a declaration that he no longer owed any money on the car loan and for damages equal to the fair market value of the Jeep.  Defendant moved to dismiss the complaint arguing that the Court lacks subject matter jurisdiction over Plaintiff's claims.  Defendant is correct.  As is discussed in more detail below, Plaintiff has failed to assert any basis for federal subject matter jurisdiction.  Accordingly, the Court will grant Defendant's motion to dismiss.

I.      PROCEDURAL HISTORY

Plaintiff originally filed a complaint alleging claims under the Fair Debt Collection Practices Act ("FDCPA"), as well as various state law claims.  *See generally* ECF No. 1.  After Defendant moved to dismiss, Plaintiff filed an Amended Complaint.  ECF No. 28.  The

Amended Complaint did not include an FDCPA claim.  Instead, Plaintiff alleged only state law claims.  Plaintiff nonetheless contends that the Court has subject matter jurisdiction because he alleged in the Amended Complaint that his case "arises under the Uniform Commercial Code (UCC Articles 3 and 9), made applicable via Pennsylvania law, and the U.S. Constitution."  *Id.* ¶ 1.  In addition, Plaintiff filed a Notice of Constitutional Question contending that the Amended Complaint challenged the constitutionality of the statutes and practices permitting the non-judicial repossession of property.  ECF No. 31.

## II.    LEGAL STANDARDS

### A.    Subject Matter Jurisdiction.

As an initial matter, Plaintiff does not allege any basis for diversity jurisdiction.  Both parties are citizens of Pennsylvania and the amount in controversy is not more than $75,000.  *See Jamaladdin v. Santander Consumer USA, Inc.*, 25cv1811, 2025 WL 2111069, at *3 n.3 (E.D. Pa. July 28, 2025) (finding that amount in controversy was not satisfied in car repossession case where the dispute "at its core, pertain[ed] to Defendant's ability to collect approximately $20,000 in car payments from Plaintiffs under the contract.").

The Amended Complaint must therefore raise a federal question.  *Maglioli v. Alliance HC Holdings LLC*, 16 F.4th 393, 406 (3d Cir. 2021) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Tr. for Southern Cal.*, 463 U.S. 1, 27-28 (1983).  Federal question jurisdiction is present when federal law directly creates the cause of action or when state law claims involve a federal issue that is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Goldman v. Citigroup Global Markets Inc.*, 834 F.3d 242, 249 (3d Cir. 2016) (quoting *Gunn v. Minton*, 568

U.S. 251, 258 (2013)).  "To necessarily raise a federal issue 'vindication of a right under state law [must] necessarily turn[ ] on some construction of federal law.'"  *Doe v. Reproductive Medicine Associates of Phila., P.C.*, 23cv2540, 2023 WL 5961650, at *3 (E.D. Pa. Sept. 13, 2023) (quoting *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 163 (3d Cir. 2014)).

### B.    Rule 12(b)(1).

Where, as here, a party makes a facial challenge to the Court's jurisdiction, the Court must consider only the allegations in the complaint and any attached documents and view the allegations in the light most favorable to the plaintiff.  *Moore v. Angie's List, Inc.*, 118 F. Supp. 3d 802, 806 (E.D. Pa. 2015) (citing *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)).  This standard of review is "identical" to the standard the Court must use to evaluate motions to dismiss for failure to state a claim under Rule 12(b)(6).  *Id.*  Therefore, allegations that are nothing more than conclusions are not entitled to the presumption of truthfulness.  *See Reeves v. Pressler, Felt & Warshaw, LLP*, 25cv17071, 2026 WL 594355, at *1 (D.N.J. Mar. 3, 2026) (quoting *Dervitz v. ARS Nat'l Servs. Inc.*, 22-3090, 2024 WL 1173739, at *4 (3d Cir. Mar. 19, 2024)) (further citation omitted).  Moreover, briefs in response to motions to dismiss cannot amend allegations in the complaint.  *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citation omitted).

### C.    The Court's Interpretation of *Pro Se* Pleadings.

*Pro se* pleadings are to be construed liberally.  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013).  Although Courts afford *pro se* litigants procedural flexibility, a *pro se* litigant "cannot flout procedural rules – they must abide by the same rules that apply to all other litigants."  *Id.* at 245 (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

## III.    DISCUSSION

### A.    The Court Does Not Have Jurisdiction over Plaintiff's State Law Claims.

Neither the Declaratory Judgment Act nor the UCC create a basis for federal jurisdiction. *Nagle v. Jaddou*, 751 F. Supp. 3d 501, 513 (E.D. Pa. 2024) (citing *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 394 (3d Cir. 2016)) (Declaratory Judgment Act does not create federal jurisdiction); *Spencer v. Eristoff*, 224 F. App'x 173, 174 (3d Cir. 2007) (interpretation of a given state's UCC is an issue of state law); *Kemezis v. Matthew*, 07cv5086, 2008 WL 2468377, at *7 (E.D. Pa. June 16, 2008) (for federal court to have jurisdiction over UCC claim plaintiff must establish that court has diversity jurisdiction).  In addition, quiet title is a state law cause of action.  *See Montgomery Cnty., Pa. v. MERSCORP, Inc.*, 904 F. Supp. 2d 436, 445-50 (E.D. Pa. 2012).  Accordingly, the Court does not have federal question jurisdiction over any of these claims.

### B.    Plaintiff's Complaint Does Not Otherwise Allege a Federal Question.[1]

Plaintiff argues that Defendant's conduct in repossessing the Jeep without notice and while there was a dispute as to the validity of Defendant's loan violates constitutional standards of fair process.  ECF No. 28 at 6.  Plaintiff offers no factual allegations establishing a constitutional violation.  Plaintiff's conclusory allegation, without more, is insufficient to establish jurisdiction.

---

[1]    Although Plaintiff brought an FDCPA claim in his original complaint, he abandoned it by not realleging it in his Amended Complaint.  *See Lewis v. Brantley*, 24cv2673, 2024 WL 4628371, at *3 (E.D. Pa. Oct. 30, 2024) (quoting *Smith v. Price*, 11cv1581, 2012 WL 1068159, at *4 (M.D. Pa. Mar. 5, 2012), *report and recommendation adopted by*, 2012 WL 1072282 (Mar. 29, 2012)).

In any event, Plaintiff failed to allege that Defendant was a state actor. *See Turner v. Spaley*, 501 F. App'x 101, 103 (3d Cir. 2012) (finding lack of federal question jurisdiction because plaintiff failed to allege that former HR director was a state actor). Absent any allegation of state action, Plaintiff cannot establish federal jurisdiction for Defendant's alleged violation of Plaintiff's constitutional rights.

Plaintiff's Notice of Constitutional Question does not alter the Court's conclusion. A Notice of Constitutional Question does not establish federal jurisdiction. *See Hamer v. Neighborhood Housing Servs. of Chicago*, 583 U.S. 17, 19 (2017) (citation omitted) ("the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction."). Instead, the Court's focus is on the allegations of the complaint, which failed to raise any constitutional issue as explained above.

Plaintiff tries to save the Amended Complaint through his response to the motion to dismiss. In it, Plaintiff concludes that Defendant's attempt to dismiss this case violates the Truth in Lending Act. ECF No. 38 at 1. Plaintiff also contends that Defendant may be liable under 16 C.F.R. § 433.2. *Id.* at 2. However, the Amended Complaint includes no such claims, and a party cannot amend its complaint through a response to a motion to dismiss. *See Zimmerman*, 836 F.2d at 181.

None of the causes of action in the Amended Complaint were created by federal law. Additionally, none of the state law issues that Plaintiff presents in his Amended Complaint turn on the construction of federal law. As a result, Plaintiff's Amended Complaint does not support federal question jurisdiction.

IV.     **CONCLUSION**

Because the Court lacks subject matter jurisdiction, it will dismiss the Amended

Complaint without prejudice.  *See Aldossari on Behalf of Aldossari v. Ripp*, 49 F.4th 236, 262

(3d Cir. 2022) (dismissal for lack of jurisdiction is without prejudice).

An appropriate order follows.

**BY THE COURT:**

_____
MARY KAY COSTELLO, J.

6